

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00315-CV

IN THE MATTER OF THE
GUARDIANSHIP OF EDWIN
WOOLEY, AN ALLEGED
INCAPACITATED PERSON

----------

FROM PROBATE COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 2014-GD00251-2

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

Absent waiver or consent to suit, DADS, a state entity, is entitled to sovereign immunity from suit. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). While not styled as such, the application for appointment of DADS as the permanent guardian for Wooley is tantamount to a lawsuit being brought against DADS. *See* Tex. Est. Code Ann. § 1051.103(a)(5)

---

[1]*See* Tex. R. App. P. 47.4.

(West 2014) (providing that "the person named in the application to be appointed guardian" is entitled to service of citation "to appear and answer" the application). While the goal of promoting and protecting the well-being of an incapacitated person is laudable, this action seeks to accomplish its goal in an impermissible manner by controlling the action of a state agency, namely, compelling DADS to serve as a permanent guardian when it has not consented to do so.

DADS properly filed a plea to the jurisdiction, contesting the trial court's authority to consider the matter before it—the application for appointment of DADS as a permanent guardian. *See Miranda*, 133 S.W.3d at 225–26 ("Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction."). Properly granted, the trial court would have dismissed the permanent guardianship application pending against DADS but would have retained its authority with regard to DADS's continuing service as temporary guardian. In other words, DADS would not be entitled to be dismissed from the proceeding altogether, but it would be relieved of the burden of defending an action seeking to compel it to serve as a permanent guardian.

Because I would hold that the trial court erred by denying DADS's plea to the jurisdiction, I respectfully dissent.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

DELIVERED: June 2, 2016

2